**SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,**

v.

**Joshua S. SHAINBERG, Michael V. Lipkin, Defendants–Appellants,**

Grant R. Curtis, Leo Mangan, Timothy H. Masley, James W. Nearan, Raimond Irni, Pedro Dibrito Gomez, Donald E. Kessler, David R. Behanna, Andrea Varsi, Jonathan D. Lyons, Kenneth A. Orr, Lillian M. Vinci, Ann Marie Noel, Phillip J. Milligan, Robert L. Shatles, Defendants.

Nos. 06–0384–cv (LEAD), 06–1176–cv (CON).

United States Court of Appeals, Second Circuit.

March 20, 2008.

William K. Shirey, Senior Counsel (Andrew N. Vollmer, Jacob H. Stillman, Mark Pennington, on the brief), Securities and Exchange Commission, Washington, D.C., for Plaintiff–Appellee.

Charles H. Witherwax, Forest Hills, N.Y. for Defendant–Appellant, Joshua S. Shainberg, for Defendants–Appellants.

Michael V. Lipkin, Marlboro, N.Y., pro se.

PRESENT: Hon. GUIDO CALABRESI, and Hon. B.D. PARKER, Circuit Judges, and Hon. STEFAN R. UNDERHILL, District Judge.*

## SUMMARY ORDER

Defendants–Appellants Joshua S. Shainberg and Michael V. Lipkin ("Appellants") were found by a jury to have knowingly engaged in a scheme to defraud investors, in violation of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10b–5. Magistrate Judge Pohorelsky imposed (1) a permanent injunction barring Shainberg and Lipkin from further violations of the securities laws, (2) a joint-and-several disgorgement award in the amount of $277,384.45, and prejudgment interest on this amount, and (3) civil penalties in the amount of $200,000 each. Shainberg and Lipkin filed timely notices of appeal. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

Appellants raise four main issues on appeal. They argue (1) that the district court committed reversible error when it excluded (a) excerpts from investigation testimony taken by the Securities and Exchange Commission ("SEC"), from Ted McKay, an owner of a brokerage firm affiliated with their own, and (b) a stock power document, shown to McKay during this investigation, that demonstrated a cer-

tain transfer of shares between various affiliated corporations. They next contend (2) that they have newly discovered evidence, presented in four affidavits, that should entitle them to a new trial. Regarding his penalties, (3) Shainberg argues that the joint and several disgorgement order was disproportionate and that the magistrate judge should not have imposed civil penalties against him. And finally, (4) Lipkin argues that the district court's jury instruction with respect to scienter erroneously imposed on him a heightened duty to have investigated Alter Sales stock before he recommended it to investors.

■ A district court's evidentiary rulings are reviewed for abuse of discretion. *See United States v. Jackson,* 335 F.3d 170, 176 (2d Cir.2003). As "even an erroneous evidentiary ruling will not lead to reversal unless affirmance would be 'inconsistent with substantial justice,' " we apply harmless error analysis. *See Perry v. Ethan Allen, Inc.,* 115 F.3d 143, 150 (2d Cir.1997) (quoting Fed.R.Civ.P. 61). Considering (a), the McKay excerpt was hearsay, as McKay's testimony was given outside of trial and was being introduced by the defendants to establish the truth of the matter asserted therein. *See* Fed.R.Evid. 801(c). Appellants contend, however, that it is admissible as a hearsay exception, pursuant to Rule 804(b)(1) of the Federal Rules of Evidence. Rule 804(b) requires that the declarant be unavailable as a witness, and subsection (1) of the rule allows such former testimony only if the party against whom the testimony is offered "had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." Fed.R.Evid. 801(b)(1). The district court did not abuse its discretion in determining that Shain-

* The Honorable Stefan R. Underhill, United States District Judge for the District of Connecticut, sitting by designation.

berg and Lipkin had failed to establish these elements required for an exception. And, in regards to (b), the Appellants failed to produce the stock power document, and as a result, the district court did not rule on its admissibility. The district court did not err by declining to rule on the admissibility of a document that had not been produced.

As to Shainberg and Lipkin's second argument, that they have proffered newly discovered evidence, we note that only one of the four affidavits was filed in the district court, and, at that time, Appellants neither asked the district court to consider the affidavit as grounds for a new trial, nor moved for a new trial. They may not, therefore, attempt to use it, or the other affidavits, for that purpose in this Court. If, as they contend, the evidence is newly discovered, they should seek a new trial in the district court pursuant to Federal Rule of Civil Procedure 60(b)(2).

■ A district court's disgorgement order, including the determination to impose liability jointly and severally, is also reviewed for abuse of discretion, *SEC v. Warde*, 151 F.3d 42, 49 (2d Cir.1998), as is the imposition and calculation of a civil monetary penalty, *SEC v. Kern*, 425 F.3d 143, 153–54 (2d Cir.2005). The magistrate judge was well within his discretion when he imposed joint and several disgorgement on Lipkin and Shainberg. *See SEC v. AbsoluteFuture.com*, 393 F.3d 94, 97 (2d Cir.2004) (finding it appropriate to impose joint and several liability "for combined profits on collaborating or closely related parties"). In addition, we find the magistrate judge did not err when he concluded that the trial evidence established the re-

quired prerequisites for imposing civil penalties.[2]

■ Finally, Lipkin's argument that the district court erred in its jury instruction is unavailing. We have held that "[b]rokers and salesmen are under a duty to investigate," and "a salesman cannot deliberately ignore that which he has a duty to know and recklessly state facts about matters of which he is ignorant." *Hanly v. SEC*, 415 F.2d 589, 595–96 (2d Cir.1969) (internal quotation marks omitted). A breach of this duty can constitute reckless disregard and, therefore, the requisite scienter to make out a violation. *Novak v. Kasaks*, 216 F.3d 300, 308 (2d Cir.2000). The evidence at trial established that Lipkin knew, or was reckless in not knowing, that the stock he was recommending was an unsound investment.

We have considered all of Appellants' claims and find them to be without merit. The judgment of the district court is therefore AFFIRMED. Plaintiff–Appellee SEC has moved to strike "15 items" included in Shainberg's appendix filed with this Court which were not submitted to the district court, and has moved for monetary sanctions against Shainberg and his attorney for this violation. The SEC has also asked this Court to take judicial notice of one three page excerpt, not submitted to the district court, in Shainberg's appendix. As any error on the part of Shainberg or his attorney is trivial, we DENY the SEC's motion for sanctions. We DISMISS the remaining motions as moot.

---

2. Both the Securities Act and the Exchange Act authorize three tiers of civil monetary penalties against violators. *See* 15 U.S.C. §§ 77t(d)(2), 78u(d)(3)(B). Third tier penalties are the most severe, and require proof that the violation involved fraud, deceit, ma-

nipulation, or deliberate or reckless disregard of a regulatory requirement, and that such violation "resulted in substantial losses or created a significant risk of substantial losses to other persons." *Id.* §§ 77t(d)(2)(C)(II), 78u(d)(3)(B)(iii)(bb).